■ BERTRAM W. EISENBERG, Plaintiff, v BERT'S SPORTSPLEX, INC., Defendant, and RAPHAEL DAMESEK et al., Respondents. PIRROTTI & PIRROTTI, Appellant. [651 NYS2d 213] —Mikoll, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered February 15, 1996 in Sullivan County, which ordered a continuation of a hearing on counsel fees.

This matter involves the amount of a charging lien which attorneys Pirrotti & Pirrotti, former counsel for defendants Raphael Damesek and Joshua Damesek, seek to impose pursuant to Judiciary Law § 475 on the settlement proceeds of a dispute between the Dameseks and plaintiff.

Pirrotti & Pirrotti petitioned Supreme Court for a determination of their attorneys' lien and its enforcement. The matter was set down for a hearing on February 27, 1995, at which time defendants Raphael Damesek and Joshua Damesek failed to appear. The court clerk indicated that the Dameseks had sought postponement of the proceeding to March 8, 1995 but failed to follow through on the procedure required to adjourn the matter.

Supreme Court proceeded to hear testimony on the claim for counsel fees by Pirrotti & Pirrotti. The court orally ruled that the attorneys were entitled to fees through May 13, 1994 for the amount of work done, with interest accruing after July 1, 1994. Subsequently, the court amended its oral order to the extent that it continued the proceeding to allow the Dameseks to be heard on the amount due to Pirrotti & Pirrotti for counsel fees, finding that their nonappearance was as a result of confusion over the court staff's directives as to how to secure an adjournment. This appeal ensued.

Pirrotti & Pirrotti press arguments relating to the opening of a default judgment, contending that the Dameseks failed to establish either merit or excusable neglect as to their request to open the default (see, CPLR 5015). We find no abuse of

Supreme Court's discretion in allowing the Dameseks to be heard on the question of appropriateness of counsel fees in view of their prior request for an adjournment and the merit established in their papers on the question of how much is due. Supreme Court, in modifying its oral order, appropriately continued the hearing. We find no reason to intervene therein.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.